UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FAWN TURNER,

    Plaintiff,                                           CASE NO._____

vs.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* (hereinafter "TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331.

3. The alleged violations described in the Complaint occurred in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

5. Plaintiff is the "called party." See Soppet v. Enhanced Recovery Co., LLC, 679 F. 3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6. Defendant Portfolio Recovery Associates, LLC (hereinafter "Portfolio Recovery"), is a corporation and a citizen of the State of Delaware with its principal place of business at 9573 Chesapeake Drive, San Diego, California 92123.

7. Defendant Portfolio Recovery called Plaintiff a minimum of thirteen (13) times over a five month period, in an attempt to collect a debt not owed by Plaintiff.

8. Defendant Portfolio Recovery intentionally harassed and abused Plaintiff on numerous occasions by contacting Plaintiff on her cellular telephone without Plaintiff's prior consent.

9. On Information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

10. Each call Defendant Portfolio Recovery made to Plaintiff was made using an "automatic telephone dialing system" that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. §227(a)(1).

11. Each call Defendant Portfolio Recovery made to Plaintiff's cellular phone was done so without the "express permission" of Plaintiff.

12. Plaintiff has been assigned telephone number (813) 546-3729 since November 2013.

13. Plaintiff does not now, nor has she ever, received services from Defendant Portfolio Recovery.

14. Plaintiff does not now, nor has she ever, entered into a business relationship with Defendant Portfolio Recovery.

15. Plaintiff has never provided her cellular telephone number to Defendant.

16.   On or about November 2013, as soon as she was assigned telephone number (813) 546-3729, Plaintiff began receiving automated calls to her cellular telephone from Defendant Portfolio Recovery.

17.   Plaintiff answered Defendant's telephone calls on at one occasion in an attempt to speak with Defendant and end the calls.

18.   Plaintiff has received multiple calls in a single day from Defendant.

19.   Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiff's cellular telephone in this case, with no way for the consumer or Defendant to remove the incorrect number.

20.   Defendant's corporate policy and procedures provided no means for Plaintiff to have her cellular telephone number removed from the call list.

21.   Defendant has many similar complaints from consumers across the country as those alleged of in this lawsuit.

22.   None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

23.   Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

24.   Plaintiff incorporates paragraphs 1 through 23 as if set forth fully herein.

25.   Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted this 2nd day of July, 2014.

    /s/**W John Gadd**
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com

/s/ **Lisa Wilcox/--------------**
Lisa R. Wilcox, Esquire
FBN: 697291
721 First Ave. N.,Suite 100
St. Petersburg, Florida 33701
Main 888-945-2695
lisa@wilcoxlawpa.com